IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MITCHELL HUGHES, | ) |
| Petitioner, | ) |
| v. | ) CV 314-013 |
| BRAD HOOKS, Warden, | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mitchell Hughes, an inmate currently incarcerated at Johnson State Prison in Wrightsville, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion to proceed *in forma pauperis* ("IFP").[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 10), this petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

---

[1] Petitioner originally filed a letter in the Northern District of Georgia, which was docketed as a § 2241 petition and transferred to this District because Petitioner is incarcerated in Wrightsville, Georgia. (Doc. nos. 1, 5, 6.) Petitioner also submitted a copy of an order of the Superior Court of Catoosa County revoking his probation. (Doc. no. 4.) This Court subsequently directed Petitioner to file a § 2241 petition and IFP motion, and provided him with the requisite forms to do so. (Doc. no. 8.) Petitioner submitted the required filings on the forms provided to him, but also attached copies filled out on state court forms. (See doc. nos. 9, 10.)

## I. BACKGROUND

Petitioner alleges that he pled guilty to theft by shoplifting and robbery in the Superior Court of Catoosa County, and that on April 12, 2007 he received probationary sentences of ten and fifteen years respectively. (Doc. no. 9, pp. 2, 8.) On September 8, 2011, the Superior Court of Catoosa County revoked Petitioner's probation, and ordered that he serve the remainder of his sentences in confinement. (Doc. no. 4.) Petitioner claims that, pursuant to the Superior Court's order, he should receive credit against his sentences for the time he spent on probation, but that prison officials have failed to give him such credit. (Doc. no. 9, pp. 3, 12.) In support of his claim, Petitioner states he has also failed to receive credit for time served at "Colwell P.D.C. back in 2007." (Id. at 12.)

Although the Court advised Petitioner that attempts to obtain jail credit pursuant to § 2241 are subject to exhaustion requirements (doc. no. 8, pp. 2-3), he provides little detail regarding any previous attempts to raise his claims. Petitioner states only that he has attempted to get help from his counselors "within the years to help [him] with [his] problem." (Doc. no. 9, p. 10.) However, when asked to indicate whether he had previously filed any petitions, applications, or motions with respect to his convictions, Petitioner answered, "No." (Id. at 4, 9.)

## II. DISCUSSION

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to an exhaustion requirement. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (noting that all habeas corpus actions "require a petitioner to fully exhaust state remedies"); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust

2

their state court remedies."). Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. The Eleventh Circuit has made clear that "[g]enerally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

With regard to claims for jail credit, like those asserted in the instant petition, Georgia law requires state prisoners to raise such claims directly with the Georgia Department of Corrections ("DOC"), and to appeal the result, if necessary, by filing a mandamus or injunction action against the Commissioner of the DOC in the applicable Georgia Superior Court. Edwards v. State, 641 S.E.2d 193, 194 (Ga. Ct. App. 2007) ("If aggrieved by the calculations in awarding [jail] credit, [the defendant] should have sought relief directly from the [Georgia DOC] and, if necessary thereafter, by way of a mandamus or injunction action."); Smashey v. State, 638 S.E.2d 431, 433 (Ga. Ct. App. 2006) (defendant seeking credit for time served on probation must seek relief from the Georgia DOC, and may appeal in a mandamus or injunction action against the Commissioner). The final decision of such mandamus or injunction action may then be appealed to the Georgia Supreme Court. See, e.g., Bryant v. Evans, 261 S.E.2d 620 (Ga. 1979) (affirming denial of writ of mandamus that sought to require the Commissioner of the DOC to give prisoner jail credit). A state prisoner could also raise his claims in a state habeas corpus action. See Martin v. Seminole Cnty., No. 5:11-CV-13, 2011 WL 794216, at *2-3 (M.D. Ga. Mar. 2, 2011) (petitioner failed to exhaust § 2241 claims for jail credit because he could have raised them in a mandamus or injunction action, or in a state habeas action).

Here, Petitioner states only that he has sought help from various unnamed counselors regarding his claims that he is entitled to jail credit. Nothing in the instant § 2241 petition suggests that he has requested relief directly from the Georgia DOC, filed a mandamus or injunction action against the Commissioner of the DOC in state court, or

previously raised his claims in a state habeas petition. Indeed, in the instant federal petition he indicates that he has not filed any petitions, applications, or motions regarding his sentence. (Doc. no. 9, pp. 4, 9.) As such, Petitioner has not given the state courts even an initial opportunity to act on his claims, much less a complete opportunity, by invoking the available review processes in state court. O'Sullivan, 526 U.S. at 845. Thus, the Court finds that Petitioner has failed to satisfy the exhaustion requirement, and the instant § 2241 petition should be dismissed without prejudice so that Petitioner may exhaust available state remedies.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 10), this petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of April, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA